[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-1032

IN RE BRIDGET M. HAYES,
Debtor.

BRIDGET M. HAYES,
Plaintiff, Appellant,

v.

JOHN L. SULLIVAN AND JAMES NAGLE,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Selya, Circuit Judge,

Feinberg,* Senior Circuit Judge,

and Stahl, Circuit Judge.

Daniel J. Carragher, with whom Day, Berry & Howard was on

brief, for appellant.
Marshall F. Newman, with whom Newman & Newman, P.C. was on

brief, for appellee Sullivan.
Mark A. Berthiaume, with whom Daniel H. Conroy and Goldstein

& Manello, P. C. were on brief, for appellee Nagle.

May 13, 1993

*Of the Second Circuit, sitting by designation.

Per Curiam. Bridget M. Hayes, a Chapter 7 debtor,
Per Curiam.

commenced an adversary proceeding in the bankruptcy court whereby

she strove to annul the trustee's public-auction sale of her

residence. The debtor named as defendants John L. Sullivan (the

successful bidder) and James Nagle (who had subsequently

purchased the property from Sullivan). Following a non-jury

trial, the bankruptcy court (Kenner, J.) concluded that the sale

had been advertised "widely and sufficiently"; that no fewer than

six qualified bidders attended the auction; and that Hayes had

not proven that the price realized at the auction sale ($110,000)

was grossly inadequate. Based on these, and other, findings, the

bankruptcy court dismissed Hayes's complaint.

On appeal, the district court (Keeton, J.) affirmed.

In a lengthy, thoughtful, and comprehensive opinion, Hayes v.

Sullivan F. Supp. (D. Mass. 1992) [No. 92-12020-K], the

court gave three main reasons for its determination that the

bankruptcy court's judgment must stand (any one of which, taken

alone, would have required affirmance of the judgment).

First, the court held that, under the controlling

statute, 11 U.S.C. 363(b)(1), the results of an authorized,

completed auction sale could be set aside, in the absence of

"fraud, mistake, collusion or similar infirmity only on a showing

of gross inadequacy of price." Id. at [slip op. at 12].

Because Hayes met neither the standard's fraud prong nor its

adequacy-of-price prong Sullivan was a good-faith purchaser;

plaintiff conceded the absence of fraud; and the bankruptcy

2

judge's finding as to the adequacy of the price was not clearly

erroneous the district court found that the appeal was

groundless.

Second, the court held that Hayes, in her presentation

before the bankruptcy court, had urged the court to apply the

gross inadequacy standard and had thereby waived any right to ask

the district court to invalidate the sale for some lesser reason.

See id. at [slip op. at 15-16]. In other words, Hayes's

argument that the court should examine the transaction under a

criterion more searching than gross inadequacy had not been

presented face up and squarely in the bankruptcy court and,

therefore, could not rewardingly be pressed on appeal.

Third, the court ruled that whether it reviewed the

outcome of this authorized trustee's sale in bankruptcy either

under the gross inadequacy standard or the totality-of-the-

circumstances standard pressed on appeal by Hayes, the bankruptcy

court's judgment must be affirmed. See id. at [slip op. at

19-20]. This was so because, even if Hayes's newly emergent

view of the governing law was both correct and preserved, the

facts, as supportably found by the bankruptcy judge, did not

sustain her claim.

Given the district court's handiwork, we see no need to

write at length. Indeed, in cases in which "a trial court has

produced a first-rate work product, a reviewing tribunal should

hesitate to wax longiloquent simply to hear its own words

resonate." In re San Juan Dupont Plaza Hotel Fire Litig.,

3

F.2d , (1st Cir. 1993) [No. 92-2216, slip op. at 4]. So

it is here. Whatever the relative merits of the parties'

competing views as to the standard for setting aside authorized,

completed trustees' sales under section 363(b)(1) a matter on

which we express no opinion it is perfectly plain that, taking

the totality-of-the-circumstances approach urged by appellant,

and assuming arguendo that Hayes preserved this theory below, the

facts as found by the bankruptcy judge cannot begin to carry the

burden of Hayes's case. That ends the matter. Because the

critical findings of fact are supported by substantial evidence

in the bankruptcy court record and are not clearly erroneous, the

judgment below must be affirmed. See, e.g., In re Tully, 818

F.2d 106, 108-110 (1st Cir. 1987) (explicating operation of

clearly erroneous rule in bankruptcy cases); Bankr. R. 8013.

The judgment is affirmed on the basis of the district court's

opinion. Costs in favor of appellees.

4